IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUINCY CARTER     :

         :

 v.       :  Civil Action No. DKC 17-3198

         :

SNC LAVALIN CONSTRUCTORS, INC.,[1]
et al.        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the motion to dismiss filed by Defendant International Union of Operating Engineers, Local 77 ("Defendant Union"). (ECF No. 20). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I. Background**

**A. Factual History**

According to the amended complaint:

> On July 20, 2015, Plaintiff was assigned by [Defendant Union] to work as an Excavator Operator at SNC Lavalin. Beginning August 24, 2016, Plaintiff was subjected to race harassment which took the form of having the words, "N----- looking up out a hole go back to Africa," written in a portable bathroom. Plaintiff reported it to his supervisor and nothing was done.

<hr/>

[1] The complaint identified Plaintiff's employer as "SNC Lavilaw" when its legal name is SNC Lavalin Constructors, Inc. (*See* ECF No. 19).

Plaintiff began using the office restrooms
to avoid the race harassment, but was told
by supervisors that he had to use the
portable bathrooms. Plaintiff reported this
discriminatory conduct to his supervisor
Reno Herbert and the Safety Director Sam
Knight. On September 13, 2016, Plaintiff
complained to union representative, Gregory
Strohman, about all white employee meetings
being held by union representatives on site.
On September 16, 2016, Plaintiff was
terminated in retaliation for his complaint.
The union has been retaliating against the
Plaintiff since his termination interfering
with job opportunities.

(ECF No. 14, at 6).

## B. Procedural History

Plaintiff filed a charge of discrimination against IUOE
Local 77 with the Equal Employment Opportunity Commission on or
before June 1, 2017.[2] In the charge, he checked the boxes for
discrimination on basis of race and retaliation and identified
the discrimination as occurring on September 16, 2016. The EEOC
issued a right to sue letter on July 28, 2017. Plaintiff filed
his initial complaint on October 30 against Defendant Union
Union and SNC Lavalin Constructors, Inc. Plaintiff's complaint
purported to assert claims of retaliation and termination on the
basis of race. (ECF No. 1). Defendant Union moved to dismiss,

---

[2] The only administrative documents currently in the record
refer only the Defendant Union, and not to SNC Lavilaw. ECF
Nos. 9-3, 9-4, and 20-3. SNC Lavalin Constructors, Inc.'s
answer, however, refers to receiving the Notice of Right to Sue
promptly after July 28, 2017, making it unclear whether it was
also named in the administrative complaint.

and instead of responding, Plaintiff filed an amended complaint purporting to raise the same claims. (ECF Nos. 9, 14). Defendant Union moved to dismiss again, Plaintiff responded, and Defendant Union replied. (ECF Nos. 20, 22, 23).

## II. Standards of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal

allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

Plaintiff brings his claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* Under Title VII, a plaintiff can establish his or her case by demonstrating elements which "enable the fact-finder to conclude, in the absence of any further explanation, that it is more likely than not the adverse employment action was the product of discrimination." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 57-58 (4th Cir. 1995). "[W]hile a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, 'factual allegations must be enough to raise a right to relief above the speculative level.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal citations and alterations omitted).

Defendant Union also moves to dismiss a portion of the complaint for lack of jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction properly

4

exists in the federal court. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

## III. Analysis

### A. Racial Discrimination

Defendant Union argues that the meager allegations referring to itself are insufficient to state a claim. Plaintiff argues that he sufficiently pleaded a claim of disparate treatment "affecting the terms and conditions of his employment." (ECF No. 22, at 4). Despite having counsel, Plaintiff filed his initial complaint and his amended complaint on the standard form traditionally used by *pro se* litigants. The form has boxes corresponding to different legal claims that a plaintiff may bring against an opposing party. These boxes help to turn a grievance into a legally cognizable claim and put opposing parties on notice.

Here, Plaintiff did not check the box for a claim based on discriminatory terms and conditions of employment in either the initial complaint or the amended complaint. (ECF Nos. 1, at 5; 14, at 5). Indeed, Plaintiff's first complaint did not even mention Defendant Union. (ECF No. 1, at 6). Although Plaintiff's amended complaint mentions Defendant Union, it does so in an apparent claim for retaliation. It states that Plaintiff complained to his union representatives about "all white employee meetings" three days before his termination. Plaintiff argues that those four words, in and of themselves, satisfy the requirement of Fed.R.Civ.P. 8(a).

In context, these four words summarized the content of an informal complaint to a union representative and did not provide a basis for a stand-alone claim of discriminatory terms and conditions of employment. Despite using the standard form which has a box for discrimination in terms and conditions of employment, Plaintiff did not identify that as one of his claims. When viewed in its entirety, the complaint fails to provide Defendant Union with "fair notice of what the claim[s] [are] and the grounds upon which [they] rest[]." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). Plaintiff's claim of discriminatory treatment will be dismissed.

**B. Retaliation**

Plaintiff also alleges retaliation against Defendant Union for his initial termination and for subsequent interference. (ECF No. 22). A claim of retaliation requires "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman,* 626 F.3d at 190. Simply stating plaintiff faced some adversity is not enough; the adverse action must be attributable to the Defendant Union. *See* 42 U.S.C. § 2000e-3; *Eliserio v. United Steelworkers of Am. Local 310*, 398 F.3d 1071, 1076-77 (8th Cir. 2005) (stating that a union must have engaged in the discriminatory acts to be held liable); *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1427 (D.C. Cir. 1988) (per curiam) ("It has long been established that a collective entity, including a labor organization, may only be held responsible for the authorized or ratified actions of its officers and agents.") (internal quotation marks omitted). Here, Plaintiff has failed to allege any facts to establish that his termination was attributable to Defendant Union's actions. Accordingly, the retaliation claim as it relates to Plaintiff's termination will be dismissed.

Defendant Union moves to dismiss the remainder of Plaintiff's retaliation claim, which alleges that Defendant Union "has been interfering with job opportunities" since

Plaintiff's dismissal, for lack of jurisdiction because Plaintiff did not exhaust this claim before the EEOC. (ECF No. 14, at 6; *see* ECF No. 20-1, at 8). Plaintiff responds that his complaint of retaliation is reasonably related to his EEOC Charge and therefore is exhausted by that charge. (ECF No. 22, at 6).

> "[A] plaintiff may raise the retaliation claim for the first time in federal court." *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). Courts can hear claims of retaliation, even if not brought before the EEOC, when an employee is retaliated against for filing the initial EEOC charge. *Id.* In such a situation, the retaliation claim is reasonably related to the charge. *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416-17 (4th Cir. 2014). If, however, the retaliation is unrelated to the EEOC charge itself, and arose prior to the filing of the EEOC charge, then a failure to raise the retaliation claim before the EEOC will divest the courts of subject matter jurisdiction. *See Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999).

*Meadows v. Charles Cty. Sch. Bd. of Educ.*, No. DKC-16-2897, 2017 WL 6025347, at *3 (D.Md. Dec. 5, 2017). Plaintiff asserts that Defendant Union "has been retaliating against the Plaintiff since his termination interfering with job opportunities." (ECF No. 14, at 6). Plaintiff's EEOC Charge does not mention any incidents of retaliation which occurred after his termination prior to his filing of the EEOC Charge. Any such actions could have been brought before the EEOC but were not, and, therefore,

his failure to include these actions in his Charge divests the court of jurisdiction.

Moreover, Plaintiff's conclusory statement of retaliation alleges no facts supporting acts of retaliation by Defendant Union post-dating the EEOC Charge, actions over which the court would have jurisdiction. Thus, Plaintiff has failed to allege facts that support jurisdiction and the remainder of his retaliation claim must be dismissed.

## C. Dismissal With Prejudice

Although Plaintiff has not requested leave to amend, courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. Fed.R.Civ.P. 15(a)(2); *see Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Denial of leave to amend is appropriate "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in the original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Here, Plaintiff has filed two complaints and has failed to correct glaring deficiencies. The first complaint did not mention Defendant Union. The second complaint mentions Defendant Union but provides almost no supporting allegations. Neither of Plaintiff's complaints

comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Because of these repeated failures attributable, at least in-part, to a lack of diligence, the dismissal with prejudice would be appropriate. Because the case will proceed against the other Defendant, however, Plaintiff will be given a final opportunity to more for leave to amend within 21 days.

## IV. Updated Docket

The original complaint was filed against "SNC Lavilaw." (ECF No. 1). The proper name of that Defendant is SNC-Lavalin Constructors, Inc. (ECF No. 7, at 2). The caption will be updated to reflect the correct name.

## V. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant International Union of Operating Engineers, Local 77 will be granted. A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
