IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

QUINCY CARTER

v.                          : Civil Action No. DKC 17-3198

SNC-LAVALIN CONSTRUCTORS, INC.,
et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the motion for leave to file an amended complaint filed by Plaintiff Quincy Carter. (ECF No. 30). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6.

Plaintiff has twice previously filed complaints which failed to comply with Fed.R.Civ.P. 8, regarding Defendant IUOE Local 77 due to a lack of diligence on the part of Plaintiff's counsel. Because of the harshness of dismissal with prejudice due to an error of counsel, Plaintiff was given one last chance to amend his complaint. Plaintiff moved for leave to amend and attached a proposed complaint which brought claims for wrongful termination and discriminatory terms and conditions of employment. (ECF No. 30-1). The motion, as it relates to a claim of discriminatory terms and conditions of employment, is unopposed and will be granted. (*See* ECF No. 33, at 4). The

motion, as it relates to a claim of wrongful termination against Defendant International Union of Operating Engineers, Local 77 ("Defendant") will be denied because it is late, because it is futile, and because it was filed in bad faith.

## I.   Background

According to the amended complaint, Plaintiff was a member of Local 77 working for SNC-Lavalin Constructors, Inc. ("SNC"). Plaintiff is African-American.   Local 77 held "White only meetings" while Plaintiff was working for SNC.   Plaintiff complained to Local 77 about the meetings on September 13, 2016, and, on September 16, Plaintiff was terminated.   (ECF No. 30-1 ¶¶ 8-30).

On October 30, 2017, Plaintiff filed a complaint alleging termination and retaliation on the basis of race in violation of local and federal law.   Plaintiff was represented by counsel who used the *pro se* form for the complaint.   Despite this being a counseled complaint, it contained no allegations supporting the claims against Local 77.   (ECF No. 1).   Local 77 moved to dismiss (ECF No. 9), and Plaintiff filed an amended complaint (ECF No. 14).

The amended complaint, like the initial complaint, was filed by counsel on the *pro se* form.   The amended complaint initially was filed without a version identifying the proposed changes to the complaint in violation of Local Rule 103.6.   (ECF

No. 15). Plaintiff filed a supplement to the amended complaint to cure this deficiency. (ECF No. 16). Plaintiff's amended complaint contained a short statement of facts alleging that Plaintiff had told his union representative about the "Whites only meetings" and that Local 77 "has been retaliating against the Plaintiff since his termination interfering with job opportunities." (ECF No. 14, at 6). Local 77 moved to dismiss for failure to state a claim (ECF No. 20), and, after briefing, the motion was granted (ECF No. 24). Although dismissal with prejudice would have been appropriate, the court gave one last chance properly to amend the complaint. (*Id.* at 10).

In the Order of May 30, 2018, the court stated, "Any motion for leave to amend . . . must be filed within 21 days." (ECF No. 25). Plaintiff did not file a motion for leave to amend within 21 days. Instead, on June 20, 2018, Plaintiff filed a new complaint without an attached copy identifying the changes from the previous complaint. (ECF No. 26). This amended complaint was rejected for not complying with Local Rule 103.8. (ECF No. 27). Plaintiff attempted to cure this deficiency on June 21 (ECF No. 28) but did not request leave to amend and did not request the other party's consent as required by Fed.R.Civ.P. 15(a)(2) and Local Rule 103.6.d. (ECF No. 29). On June 28, a week after the court imposed deadline, Plaintiff finally filed a motion for leave to file a second amended

complaint.  The seconded amended complaint seeks to bring claims against Local 77 and SNC pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for wrongful termination and discriminatory terms and conditions of employment.  (ECF No. 30-1).[1]

## II. Analysis

Plaintiff filed the motion for leave to amend the complaint late and has not moved for leave to allow the late filing. Moreover, a request for leave to allow the late filing would likely have been denied.  Pursuant to Fed.R.Civ.P. 6(b)(1), "the court may, for good cause, extend the time: (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  "Generally, excusable neglect . . . require[s] a demonstration of good faith on the part of the party seeking an extension of time and some reasonable basis for noncompliance within the time specified in the rules."  4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165 (4th ed. 2018).  Here, there is no reasonable basis for noncompliance.  Plaintiff has already once before failed to comply with Local Rule 103.  The Order specified the motion he had to file which should have directed Plaintiff to Fed.R.Civ.P. 15.  Plaintiff did not follow the Local Rules, the

---

[1] SNC did not object to the filing of a second amended complaint, and, therefore, Plaintiff will be allowed to amend the claims against it.

4

Federal Rules, or the court's Order.  Therefore, even if Plaintiff had moved for leave to allow his late filing, his motion likely would have been denied.  In any event, leave to amend will be denied.

A party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed.R.Civ.P. 15(a)(1).  When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2).  Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).  Denial of leave to amend is appropriate "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis omitted) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Leave to amend may be denied as futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules," including federal pleading standards. *Katyle v. Perm Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)

(quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). A pleading need not contain detailed factual allegations, but the plaintiff must allege enough facts to make the claim appear "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). Accordingly, denial of leave to amend is appropriate if the court, taking as true the allegations of the proposed amended pleading, would be compelled to dismiss the action. *See Kellogg Brown & Root*, 525 F.3d at 376 (affirming the district court's denial of leave to amend because the "proposed amended complaint does not properly state a claim under Rule 12(b)(6)").

Here, Plaintiff brings a claim for wrongful termination stating that "Following Mr. Carter's September 13, 2016 complaint, a representative of [Local 77] contacted SNC's corporate office in New Jersey," "[o]n information and belief, [Local 77] provided false information to the SNC corporate office so that SNC would terminate [Plaintiff]," "[o]n information and belief, SNC negligently relied on false information provided by [Defendant] who had a racial discriminatory animus," "[o]n information and belief, SNC negligently relied on false information provided by [Local 77]

who had a retaliatory animus," and "[o]n information and belief, SNC terminated [Plaintiff] at [Local 77's] insistence." (ECF No. 30-1 ¶¶ 29, 30, 43, 44, 51). Allegations based on information and belief are only appropriate where "the belief is based on factual information that makes the inferences of culpability plausible." *Arista Records, LLC v. Does 3*, 604 F.3d 110, 120 (2d Cir. 2010); *accord Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017).

Plaintiff has not alleged sufficient facts to create an inference that Local 77 controlled or influenced SNC's hiring and firing decisions. Plaintiff has not identified any conversations Local 77 had with SNC about his employment. Plaintiff has not alleged any facts supporting an inference that Local 77 normally had conversations with SNC about employment decisions. Plaintiff has not alleged any facts supporting an inference that Local 77 had any role in SNC's employment decision. Thus, Plaintiff has not alleged any facts plausibly to support a conclusion that Local 77 provided false information to SNC upon which SNC relied in deciding to terminate Plaintiff.

In addition, Plaintiff's claim of wrongful termination specifically references his termination letter. (ECF No. 30 ¶¶ 36-42). Because the termination letter is integral to the claim of wrongful termination, the court can rely on it without converting the motion to dismiss into one for summary judgment.

*Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013); *see*
*Amaya v. Ballyshear LLC*, 295 F.Supp.3d 204, 217 (E.D.N.Y. 2018)
(considering a termination letter in a motion to dismiss because
the letter was integral to the complaint); *Jay v. Serv.*
*Employees Int'l Union-United Health Care Workers W.*, 203
F.Supp.3d 1024, 1032 (N.D.Cal. 2016) (same). The termination
letter explains that the complaints about Plaintiff which led to
his termination came from his fellow employees. (ECF No. 33-1).
Although it is not necessary to rely on it, this document makes
abundantly clear that Local 77 did not provide the information
to SNC which formed the basis for Plaintiff's termination.
Plaintiff's motion for leave to amend his claim of wrongful
termination against Local 77 is subject to dismissal as futile.

Bad faith generally involves changing legal theories and
the belated presentation of facts which the pleader was already
aware of in an effort to delay ultimate resolution. *See*
*Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781
F.3d 1003, 1015 (8th Cir. 2015); Wright & Miller § 1488 ("By
failing to introduce the matter contained in the proposed
amendment at as early a stage in the litigation as possible, the
pleader has demonstrated bad faith in not apprising the opponent
of its true position in the action."). Bad faith is established
"when it appears that the plaintiff is using Rule 15 to make the
complaint a moving target, to salvage a lost case by untimely

suggestion of new theories of recovery, [and] to present theories seriatim in an effort to avoid dismissal[.]" *Minter v. Prime Equip.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (internal citations and quotation marks omitted).

Here, the claim of unlawful termination was brought in bad faith. The allegations underlying that claim — providing misinformation to the employer — are mentioned for the first time in the proposed second amended complaint. To the extent Plaintiff had this information, he has had it for years, but he failed to mention it in the EEOC Charge, the first complaint, or the amended complaint. Plaintiff has omitted from his proposed second amended complaint the allegations which appeared in his amended complaint. In short, Plaintiff has changed the basis for the claim. Accordingly, Plaintiff's motion for leave to amend his claim of wrongful termination against Local 77 is subject to dismissal for bad faith.

## III. Conclusion

In sum, leave to amend should only be given "when justice so requires," Fed.R.Civ.P. 15(a)(1), and, given the inadequacy of the previous complaints, the inadequacy of Plaintiff's proposed second amended complaint, the discrepancies between the factual allegations in the various complaints, and the stated justification for the termination, justice does not so require. The motion for leave to file an amended complaint filed by

Plaintiff Quincy Carter will be granted in part and denied as to the claim of wrongful termination against Defendant International Union of Operating Engineers, Local 77 ("Defendant"). A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
